## UNITED STATES v. JEFFRIES.
### No. 8469.

Circuit Court of Appeals, Seventh Circuit.
Feb. 26, 1944.

Charles R. Aiken and Aiken, McCurry, Bennett & Cleary, all of Chicago, Ill., for appellant.

Mary D. Bailey and J. Albert Woll, U. S. Atty., both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court, entered October 29, 1943, directing the forfeiture of defendant's bail bond and the issuance of a warrant for his arrest.

Defendant, on June 22, 1943, subsequent to the return of an indictment against him, was taken into custody and admitted to bail upon furnishing recognizance bond in the penal sum of $1000. Upon arraignment on September 20, 1943, he entered a plea of "Not Guilty," and his case was set for trial October 29, 1943. After such arraignment and prior to the trial date, he was reclassified "1-A" by his Draft Board as being immediately available for military service. The Draft Board, with knowledge of the indictment, ordered his induction into the military service, and he was sent to the Marine Barracks at New River, North Carolina, for training.

When the case was called for trial on October 29, 1943, counsel for the defendant in open court made a statement of the facts as above disclosed. After some colloquy between court and counsel, both for the defendant and for the government, a forfeiture of the bond was ordered. It is pertinent to observe that no question was raised either by the court or by counsel for the government concerning the accuracy of the statement made by defendant's counsel as to defendant's induction into military service and his location.

Defendant contends that the court was without power to direct a forfeiture, in view of Sec. 513(3), 50 U.S.C.A.Appendix, which provides:

"Whenever, by reason of the military service of a principal upon a criminal bail bond the sureties upon such bond are prevented from enforcing the attendance of their principal and performing their obligation the court shall not enforce the provisions of such bond during the military service of the principal thereon * * *."

We agree with the defendant that this provision is mandatory and precludes a forfeiture where it is shown that a principal upon a criminal bond is in the military service. The government does not take issue with this contention but argues that there was an insufficient showing that the defendant was in military service and suggests that such showing should be made by affidavit or at least by some substantial and reliable proof. The argument is without merit. The provision contains no requirement as to how the showing shall be made. Furthermore, neither the court nor government's counsel raised any question or expressed any doubt as to the accuracy of the statement made in open court by defendant's counsel. In fact, it was ad-

mitted by government's counsel in oral argument before this court that the government had no information which would cause it to doubt the truthfulness of the representation made to the court below. We should think that when a representation is made to the court, whether it be by affidavit or otherwise, that a defendant is in the military service, the court, if doubtful of the truthfulness of the representation, would have the right to continue the matter for investigation. It is evident, however, from what took place that no doubt existed but that defendant was in military service as represented, and there is no doubt of such fact now.

We think it is clear that the court was without authority to direct the order appealed from. The judgment, therefore, is Reversed.