**UNITED STATES of America, Plaintiff-Appellee,**

v.

**CAROLINA CASUALTY INSURANCE COMPANY, Defendant-Appellant.**

**No. 11602.**

United States Court of Appeals Seventh Circuit.

Oct. 11, 1956.

T. Renfroe Eaton, Chicago, Ill., for aplant.

Robert Tieken, U. S. Atty., G. Kent Yowell, John Peter Lulinski, Asst. U. S. Attys., Northern District of Illinois, Chicago, Ill., of counsel, for appellee.

---

Before SWAIM and SCHNACKEN-BERG, Circuit Judges, and WHAM, District Judge.

SWAIM, Circuit Judge.

This appeal is from an order forfeiting a bail bond and the judgment entered thereon against the Carolina Casualty Insurance Company, in the sum of $5,000.00, by the United States District Court for the Northern District of Illinois, Eastern Division.

On June 23, 1953, an indictment was returned against the principal under said bail bond, one Thomas Walker. On July 7, 1953, the appellant, Carolina Casualty Insurance Company, executed a bail bond in the sum of $5,000.00, as surety, payable to the United States of America, as obligee. The bond provided that Walker was to appear in accordance with all orders and directions of the court relating to the appearance of said Walker before the court in the case of United States v. Walker, No. 53–CR–424, and if said Walker failed to perform this condition, payment of the amount of the bond should be due forthwith.

On October 23, 1953, Walker pleaded not guilty, and after various continuances the cause was removed from a list of cases awaiting trial and was set for trial on April 6, 1954. Walker was inducted into the United States Army at Chicago, Illinois, on April 5, 1954. On April 6, 1954, the cause was called for trial and was held on the call to proceed to trial when reached. Subsequent to his induction, Walker, pursuant to the order and direction of the proper authorities, was transported to Fort Leonard Wood in the State of Missouri to undergo basic training.

On June 25, 1954, Walker, by reason of his indictment for another crime, received an "undesirable" discharge from the United States Army and was returned to Chicago, Illinois.

After various continuances the cause was called for trial on October 18, 1954, and Walker was absent. On motion of the Government said bail bond was declared forfeited. Pursuant to the order of forfeiture the Government, on June 7, 1955, moved for the entry of a judgment in the sum of $5,000.00 against appellant, and the District Court ordered that judgment be so entered on June 17, 1955. The appellant's motion to set aside the order of forfeiture was denied. Appellant thereupon prosecuted this appeal.

It is the appellant's contention that where the principal on a bail bond in a federal criminal case is involuntarily inducted into the Army, the surety on such bond is discharged by operation of law or act of the obligee. The basis of this contention, as put forth by the appellant, is that thereby the surety was totally divested of the custody and control of the principal, including the surety's right to arrest and surrender the principal, without the consent or fault of itself or the principal. Appellant concludes that the bond became void at the moment Walker was inducted into the Army, and therefore after that time, it had no obligation whatsoever under the bail bond.

██ The general rule seems to be that bail will not be forfeited where performance is rendered impossible by the act of God, or of the law, or of the obligee. Taylor v. Taintor, 16 Wall. 366, 83 U.S. 366, 21 L.Ed. 287; People, to Use of Masterson v. Hathaway, 206 Ill. 42, 68 N.E. 1053.

However, performance under this bail bond was not rendered impossible by reason of Walker's induction into the Army. Walker was discharged from service nearly four months prior to default and forfeiture, and was physically present in Chicago, Illinois, on June 25, 1954; and on June 30, 1954, when he pleaded "not guilty" to a second indictment that had been returned against him. Thus, at the critical time, October 18, 1954, Walker, the principal under this bond, was not in the military service, and prior to this date had returned to Chicago, Illinois.

The appellant cannot show that Walker's failure to appear was because of his military service or because of any other control exercised over him by the Government. See Briggs v. Commonwealth, 185 Ky. 340, 214 S.W. 975, 8 A.L.R. 363.

 We conclude, therefore, that the involuntary induction of the principal under this bail bond did not, *ipso facto*, discharge the surety. At most it provided a legal defense to the surety while the principal was in the military service of the United States, but only during such time as the principal was in service. See 50 U.S.C.A.Appendix, § 513(3); Consult Restatement, Security § 211, Comment a (1941).

In this case the principal was discharged nearly four months prior to default and forfeiture.

 Therefore the order of forfeiture was proper, and the denial of appellant's motion to set aside the forfeiture was addressed to the sound discretion of the District Court and will not be questioned by this court unless such action was arbitrary and capricious. United States v. Davis, 7 Cir., 202 F.2d 621, certiorari denied Ferguson v. United States, 345 U.S. 998, 73 S.Ct. 1141, 97 L.Ed. 1404; Rule 46, Federal Rules of Criminal Procedure, 18 U.S.C.A. Nothing in this record indicates arbitrary or capricious action by the trial court.

Our conclusion herein is supported by 50 U.S.C.A.Appendix, § 513(3) which provides:

> "Whenever, by reason of the military service of a principal upon a criminal bail bond the sureties upon such bond are prevented, from enforcing the attendance of their principal and performing their obligation the court shall not enforce the provisions of such bond during the military service of the principal thereon and may in accordance with principles of equity and justice either during or after such service discharge such sureties and exonerate the bail." See United States v. Jeffries, 7 Cir., 140 F.2d 745.

The appellant did not make a timely application to the District Court to be discharged from the bond pursuant to Section 513(3), nor did the appellant attempt to surrender Walker pursuant to 18 U.S.C.A. § 3142, either during Walker's service in the United States Army, or after his discharge therefrom prior to default.

In short, the appellant failed to avail itself of the adequate statutory protection that existed for one in its situation.

It should be further noted that the appellant, as surety upon this bail bond, was in no way prejudiced by reason of Walker's military service.

The order of forfeiture and judgment thereon is affirmed.

Affirmed.