UNITED STATES of America, Plaintiff-Appellee,

v.

Edwin J. SCHLENVOGT, Defendant-Appellee, Capitol Indemnity Insurance Company, Surety, Defendant-Appellant.

No. 13333.

United States Court of Appeals Seventh Circuit.

Sept. 21, 1961.

James D. Montgomery and Garland W. Watt, Chicago, Ill., Adams, Weston, & Montgomery, Chicago, Ill., Turner, Cousins, Gavin & Watt, Chicago, Ill., of counsel on the brief, for appellant.

James P. O'Brien, U. S. Atty., Thomas W. James and John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellees.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

This appeal challenges a judgment entered in the District Court in the sum of $2,000 against the defendant, Capitol Indemnity Insurance Company (Capitol).

It appears that Capitol was surety on an appearance bond filed in behalf of one Edwin J. Schlenvogt, as principal. After a plea of guilty to a criminal charge, Schlenvogt was scheduled to appear on December 17, 1956 before Honorable Julius J. Hoffman in the District Court for the Northern District of Illinois, Eastern Division. Schlenvogt did not appear.

Judge Hoffman announced from the bench, "There will be an order terminating his bail and a bench warrant issued. * * * " The clerk perpared a minute order reciting, "Enter bond forfeiture and bench warrant issue for failure to appear." For some unknown reason, no action was taken by the United States for over four years. Then, on January 24, 1961, the United States filed a motion for judgment of $2,000 against Capitol. Judgment for that sum was entered, and a motion to reconsider the judgment was denied.

The main contention made by Capitol is that Judge Hoffman did not forfeit the bail on December 17, 1956. Capitol points out that the judge stated that an order would be entered "terminating his bail." It would seem clear that the experienced district judge misspoke. There would be no reason for him to declare the bail bond terminated, and then to add immediately that a bench warrant would be issued. Furthermore, the minute clerk did make a correct entry that the bond had been forfeited.

Rule 46(f) (1), Federal Rules of Criminal Procedure, 18 U.S.C.A., requires that there be a forfeiture of bail when there is a breach of the conditions thereof. Furthermore, Rule 15(a) of the General Rules of the United States District Court for the Northern District of Illinois provides that "A memorandum of the determination of a motion, signed by the judge, or a notation made by the clerk at the direction of the judge, shall constitute the order * *." We must and do assume here that the order entered by the minute clerk was at the direction of the judge.

We find the contention of Capitol that there was not a forfeiture of the bail bond is without merit.

Relying on Rule 46(f) (2), Federal Rules of Criminal Procedure, Capitol also advanced the argument that the District Court abused or did not exercise its discretion in denying the petition to set aside the bond forfeiture or remitting it in full or in part. We also find this contention to be without merit.

The District Court was fully justified in entering the judgment from which this appeal is taken.

Affirmed.