**UNITED STATES of America, Plaintiff,**

v.

**Joseph D'ARGENTO et al., Defendants.**

**UNITED STATES of America, Appellee,**

v.

**MARYLAND NATIONAL INSURANCE COMPANY, Appellant.**

**No. 14674.**

United States Court of Appeals Seventh Circuit.

Dec. 21, 1964.

Rehearing Denied Jan. 26, 1965.

---

Edward J. Calihan, Jr., Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Erwin I. Katz, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

The appellant, Maryland National Insurance Company,[1] prosecutes this appeal from an order of the District Court which denied its motion to vacate or set aside a declaration of forfeiture of a $50,000 bail bond on which Maryland was

1. Referred to herein as "Maryland".

surety, granted the government's motion for judgment against Maryland for that amount, and also granted, to the extent of $40,000, Maryland's motion for remission of the judgment on the forfeiture.

The appellant contends, in substance, that justice does not require enforcement of the forfeiture and the trial court erred in not setting aside the forfeiture or remitting it in its entirety.

The record discloses that on October 3, 1963, Maryland became the surety on an appearance bond filed in behalf of Joseph D'Argento, as principal. D'Argento, who will be referred to herein as defendant, was under indictment charging him with bank robbery in which the lives of persons were jeopardized by use of a firearm.[2] The bond contained a condition that the defendant not depart the Northern District of Illinois "except in accordance with such orders or warrants as may be issued." From the late hours of November 17, 1963, until the early hours of November 19, 1963, the defendant was out of the Northern District of Illinois. During this period of time he travelled to and from Los Angeles, California, by airplane, and while there appeared, pursuant to a setting previously made, before the Superior Court of California for the County of Los Angeles in a criminal proceeding pending against him. There was evidence that on at least two additional occasions subsequent to his admission to bail in the instant case he made like trips to Los Angeles for the day to honor other pre-set court appearances in the California proceeding. Neither the defendant nor Maryland sought or obtained permission of the District Court for defendant to leave the district.

On December 4, 1963, on the motion of the government the District Court, after hearing testimony, declared the bond forfeited. The defendant, however, was readmitted to bail on a bond in the penal sum of $30,000, and granted permission to make a scheduled future appearance in the California proceeding. Maryland moved for an order setting aside the forfeiture or, in the alternative, for remission of the forfeiture. After a hearing on Maryland's motion, at which evidence was adduced, the Court filed an opinion containing its findings of fact and conclusions of law, and entered the judgment order which is the subject of this appeal.

The court found that for many years and until recently, the form of the appearance bond used in the Northern District of Illinois did not contain the condition concerning departure from the district; although both Maryland and the defendant were chargeable with knowledge of the condition, neither was actually aware the defendant was not to leave the district without the court's permission; the breach was not wilful; no expense to the government was incurred in attempting to locate the defendant and there appeared to be no prejudice or damage to the government by the breach of the condition; and the defendant was by law required to make the California court appearances.[3]

There is no question but what the defendant has appeared before the District Court at all times when so required.

Rule 46 of the Federal Rules of Criminal Procedure (18 U.S.C.A.) provides in pertinent part:

"(f) Forfeiture.

"(1) Declaration. If there is a breach of condition of a [bail] bond, the district court shall declare a forfeiture of the bail.

"(2) Setting Aside. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

"(3) Enforcement. When a forfeiture has not been set aside, the court shall on motion enter a judg-

---

2. A violation of 18 U.S.C.A. § 2113.

3. And the record discloses the defendant was under bond in a penal sum of $25,000 to make the California appearances.

ment of default and execution may issue thereon. * * *

"(4) Remission. After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision."

■ While the provision of Rule 46 (f) (1) required there be a forfeiture of bail because of the breach of the bond's condition relating to departure from the district (United States v. Schlenvogt, 7 Cir., 294 F.2d 275, 276), we are of the opinion that under the facts and circumstances above delineated, and as found by the District Court, "justice does not require the enforcement of the forfeiture".

■■ Where a defendant breaches a bail bond by his failure, without justifiable excuse, to appear in court as required, and the government is in any manner prejudiced thereby, justice demands the forfeiture declared for such a breach be enforced. Cf. United States v. Carolina Casualty Insurance Company, 7 Cir., 237 F.2d 451. And, where the ends of justice so require enforcement of the forfeiture, and thus preclude its being set aside, the amount, if any, of the judgment which, in the light of the attending circumstances, should be remitted is a matter committed to the exercise of the sound discretion of the district court. On review "[t]his court should not substitute its discretion for that of the district court" and " * * * unless we conclude that such action was arbitrary and capricious, we are not at liberty to grant any relief * * *." United States v. Davis, 7 Cir., 202 F.2d 621, 624–625.

Thus, the district court is given discretion to "temper justice [enforcement of the forfeiture] with mercy" where, on a motion for remission, the extent of enforcement is the subject for consideration and determination, and the scope of review of the exercise of that discretion is limited. But Rule 46(f) (2) prescribes a standard—the requirements of justice

—which applies to the consideration of a motion to set aside a forfeiture, and which must be met before enforcement in any degree is to be ordered on the determination of such a motion. It is clear from the Rule the forfeiture is to be set aside if justice does not require its enforcement. It is only where justice requires enforcement that discretion can operate to determine the degree or extent of enforcement and what, if any, conditions are to be imposed.

■■ Whether a district court has erred in not setting aside a forfeiture is a matter to be determined by reference to the criterion the Rule prescribes as the definitive measure—does justice require enforcement of the forfeiture? And, review for the purpose of determining whether the court's action represents the application of that criterion is not circumscribed by the considerations which apply to restrict the scope of review of the exercise of judicial discretion.

■ Under the facts and circumstances disclosed by the record we are of the opinion the District Court erred in not setting the forfeiture aside. The defendant had not failed to make any appearance required of him. The primary objective of the bond is "to secure the due attendance of the party accused, to answer the indictment, and to submit to a trial, and the judgment of the court thereon". Ex parte Milburn, 9 Pet. 704, 34 U.S. 704, 709, 9 L.Ed. 280. And, the breach involved was not willful. Nor did the government suffer prejudice or damage because of the breach. We think it obvious the ends of justice did not require enforcement of the forfeiture. And, if justice does not require the enforcement of a forfeiture of bail there is no basis under the Rule for such enforcement. The court's ruling on the motion to set aside the forfeiture is to be tested by the criterion prescribed by the Rule. And on the record in the instant case, and the factual findings made by the District Court, we conclude, as a matter of law, there was no basis for an enforcement of the forfeiture. We can-

not agree with the government's contention which, in substance, is that we test the court's ruling by the considerations applicable to a review of the exercise of judicial discretion. Such considerations apply to review of a refusal to remit a judgment on a forfeiture where, in the first instance, the forfeiture itself was not vulnerable to a motion to set aside— was a forfeiture which required enforcement.

The judgment order appealed from is reversed and the cause is remanded to the District Court with directions to grant the motion of the appellant to set aside the forfeiture and enter judgment accordingly.

Reversed and remanded with directions.