**Billie Sol ESTES, for himself and his sureties, Sol B. Estes and John L. Estes, Sr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22198.**

United States Court of Appeals Fifth Circuit.

Dec. 2, 1965.

Rehearing Denied Jan. 6, 1966.

John D. Cofer, Hume Cofer, Douglass D. Hearne, Austin, Tex., John P. Dennison, Pecos, Tex., Cofer, Cofer & Hearne, Austin, Tex., on the brief, for appellant.

Barefoot Sanders, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas Tex., Melvin M. Diggs, U. S. Atty., William L. Hughes, Jr., Asst. U. S. Atty., on the brief, for appellee.

Before RIVES, BROWN and MOORE,* Circuit Judges.

PER CURIAM:

This is an appeal from a forfeiture of a bail bond after a substantial remission by the District Judge. The facts are wholly uncontradicted. The District Court, as the law permits, Reynolds v. United States, 1959, 80 S.Ct. 30, 4 L.Ed. 2d 46 (Douglas, Circuit Justice); United States v. Foster, 2 Cir., 1960, 278 F.2d 567, cert. denied, 364 U.S. 834, 81 S.Ct. 48, 5 L.Ed.2d 60; United States v. D'Argento, N.D.Ill., 1964, 227 F.Supp. 596, rev'd on other grounds, 7 Cir., 339 F.2d 925, imposed a carefully prescribed territorial restriction upon the Defendant. Without obtaining permission from the Court, the Defendant, conscious of the territorial restriction, deliberately ignored it by leaving the prescribed District and the State of Texas for a trip to Colorado.[1] Upon notice to show cause why the bond should not be forfeited and a full hearing thereon, the District Judge found the terms of the bond breached, declared a forfeiture and remitted the forfeiture from $10,000 to $1,000. With the discre-

---

* Of the Second Circuit, sitting by designation.

1. Compare United States v. D'Argento, 7 Cir., 1964, 339 F.2d 925, in which the

defendant was not aware of the territorial restriction in his bail bond, so that his breach of that restriction was not willful.

tion necessarily committed to the trial Judge, there was ample basis for these conclusions and nothing in Dudley v. United States, 5 Cir., 1957, 242 F.2d 656, Smaldone v. United States, 10 Cir., 1954, 211 F.2d 161, or United States v. Eisner, 6 Cir., 1963, 323 F.2d 38, compels a different result.

Affirmed.