Alvaro Armando SIFUENTES–ROMERO and T. A. Merrill, Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 23732.

United States Court of Appeals
Fifth Circuit.

March 31, 1967.

---

Pat E. Dwyer, El Paso, Tex., for appellants.

Jamie C. Boyd, Mario J. Martinez, Asst. U. S. Attys., El Paso, Tex., Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before BELL and GODBOLD, Circuit Judges, and NOEL, District Judge.

PER CURIAM.

This is an appeal from a judgment entered on a Declaration of Forfeiture of Bail. The bond, given by appellant Merrill as surety to guarantee the appearance of Alvaro Armando Sifuentes-Romero, was in the sum of $8,500.00 and was forfeited in the full amount.

Mr. Sifuentes, a Mexican national, was charged with a narcotics violation. He returned to Mexico after being admitted to bail following his arrest. He later returned to the United States to enter a plea of guilty. His sentencing was deferred for some nine months and he again returned to Mexico. He then failed to appear on the sentencing date. The District Court ordered the surety to produce him within six months from date; otherwise the bond to be forfeited. Sifuentes having failed to appear within the allotted time, the Declaration of Forfeiture was entered. After the United States moved for judgment on the Declaration, the surety moved to set aside the forfeiture on the grounds that Sifuentes was and had been throughout the period in prison in Mexico. The motion was denied and judgment was thereafter entered in favor of the United States.

■ We find no defect in the forfeiture procedure followed. Moreover, there is no merit in the contention that the United States caused the defalcation by not preventing Sifuentes' return to Mexico.

■ The surety obligated himself to produce Sifuentes and he had not been produced. On argument, however, in this court, counsel for the surety stated that Sifuentes is now available for sentencing and would be produced. Remission in whole or part is a matter vested in the sound discretion of the District Court. Carolina Casualty Insurance Company v. United States, 5 Cir., 1960, 283 F.2d 248. Rule 46(f) (2), F.R.Crim. P., provides that a forfeiture may be set aside by the District Court if it appears that justice does not require the enforcement of the forfeiture. The United States Attorney agreed on argument that some remission would be proper if the surety produced Sifuentes, and we affirm without prejudice to the surety's right to move for remission if he is produced for sentencing within thirty days from the date hereof.

Affirmed.