**Hubert Geroid BROWN, aka H. Rap Brown, aka R. Hall, aka R. H. Brown, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25851.**

United States Court of Appeals
Fifth Circuit.

April 8, 1969.

---

William M. Kunstler, New York City, Murphy W. Bell, Baton Rouge, La., for appellant.

Louis C. LaCour, U. S. Atty., Frederick W. Veters, Robert O. Homes, Jr., Asst. U. S. Attys., Harry F. Connick, Asst. U. S. Atty., New Orleans, La., for appellee.

Before WISDOM and GODBOLD, Circuit Judges, and HUGHES, District Judge.

WISDOM, Circuit Judge:

The question here is whether the Bail Reform Act of 1966 prohibits forfeiture of a bond for anything short of non-appearance. We hold that Rule 46(f) of the Federal Rules of Criminal Procedure is still effective and permits forfeiture for breach of a travel restriction.

H. Rap Brown was indicted in the United States District Court for the Eastern District of Louisiana for transporting a rifle in interstate commerce while under indictment in Maryland for counselling to arson, in violation of 15 U.S.C. § 902(e). Brown was released on a cash bond of $15,000. This bond was conditioned on his remaining in the Eastern District of Louisiana, and in the cities of New York and Atlanta. To permit Brown to fulfill speaking engagements, however, the order allowed Brown to travel outside the restricted territory with permission of the court. On February 17–18, 1968, Brown travelled to San Francisco and to Los Angeles without obtaining the permission of the district judge.[1] On February 21, 1968, the district judge found that Brown had violated an important condition of his release and declared a forfeiture of the $15,000 cash bond. He remitted $10,000 of the bond to be credited against a new bond of $50,000. In addition, he prescribed additional travel restrictions.

Brown applied to this Court for a summary reversal of the order, and for the

---

1. Brown describes his violation of the district court's order as, at worst, a technical one. If he had applied for an extension of his travel limits, his request, as the district judge stated, would have been granted. He attributes his failure to make the necessary request to his reliance on what he considered a superseding order of the United States District Court for the Eastern District of Virginia. This order placed him in the custody of one of his attorneys and confined him to the Southern District of New York, where his attorney resided. He contends that the purpose of his trip to San Francisco was to confer with his active, peripatetic attorney.

fixing of reasonable bail.[2] We reduced the bond to $15,000, but upheld the new travel restrictions. 392 F.2d 189. We specifically reserved judgment in that opinion on the question whether the district judge could order a forfeiture for breach of a condition in the bail bond restricting travel. This is the sole issue we must decide in this case.

In the Bail Reform Act of 1966, 18 U.S.C. §§ 3146-52, Congress made important changes in federal bail procedures designed to eliminate wealth as a condition of obtaining release on bail.[3] To this end, the Bail Reform Act liberalized procedures allowing release on personal recognizance and on an unsecured appearance bond, although the Act specifically preserves judicial discretion in imposing conditions of release to assure the appearance of the person bailed.[4] The Act, however, imposes penalties, including forfeiture, only for failure to ap-

2. 18 U.S.C. § 3147: "(a) A person who is detained, or whose release on a condition requiring him to return to custody after specified hours is continued, after review of his application pursuant to section 3146(d) or section 3146(e) by a judicial officer, other than a judge of the court having original jurisdiction over the offense with which he is charged or a judge of a United States court of appeals or a Justice of the Supreme Court, may move the court having original jurisdiction over the offense with which he is charged to amend the order. Said motion shall be determined promptly. (b) In any case in which a person is detained after (1) a court denies a motion under subsection (2) to amend an order imposing conditions of release, or (3) conditions of release have been imposed or amended by a judge of the court having original jurisdiction over the offense charged, an appeal may be taken to the court having appellate jurisdiction over such court. Any order so appealed shall be affirmed if it is supported by the proceedings below. If the order is not so supported, the court may remand the case for a further hearing, or may, with or without additional evidence, order the person released pursuant to section 3146 (a). The appeal shall be determined promptly.

3. See 112 Cong.Rec. 14462 (1966) (Remarks of the President in signing the bill into law). President Johnson said: "Because of the bail system, the scales of justice have been weighted for almost two centuries not with fact, nor law, nor mercy. They have been weighted with money. But now, because of the Bail Reform Act of 1966 which Congress has enacted and which I sign today, we can begin to insure that defendants are considered as individuals, not as dollar signs." National Conference on Bail and Criminal Justice, Bail and Summons: 1965, at xxi (1966).

See generally Comment, The Bail Reform Act of 1966, 53 Iowa L.Rev. 170, 182 (1967); Wald and Freed, The Bail Reform Act of 1966: A Practitioner's Primer, 52 A.B.A.Jour. 940 (1966).

4. 18 U.S.C. § 3146(a): "Any person charged with an offense, other than an offense punishable by death, shall, at his appearance before a judicial officer, be ordered released pending trial on his personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer, unless the officer determines, in the exercise of his discretion, that such a release will not reasonably assure the appearance of the person as required. When such a determination is made, the judicial officer shall, either in lieu of or in addition to the above methods of release, impose the first of the following conditions of release which will reasonably assure appearance of the person for trial or, if no single condition gives that assurance, any combination of the following conditions: (1) place the person in the custody of a designated person or organization agreeing to supervise him; (2) place restrictions on the travel, association, or place of abode of the person during the period of release; (3) require the execution of an appearance bond in a specified amount and the deposit in the registry of the court, in cash or other security as directed, of a sum not to exceed 10 per centum of the amount of the bond, such deposit to be returned upon the performance of the conditions of release; (4) require the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; or (5) impose any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours."

pear.[5] Rule 46(f) (1) of the Federal Rules of Criminal Procedure does not limit forfeiture to non-appearance; breach of any condition of the bond is sufficient to invoke forfeiture.[6] The question, therefore, is whether the Bail Reform Act has effectively excluded forfeitures for breach of any condition other than non-appearance.

The Act does not purport to deal comprehensively with the whole question of bail. On the contrary, on its face the Act shows that it is intended to be integrated with existing Sections of Chapter 207 of Title 18, as well as with the Federal Rules of Criminal Procedure. Thus in Section 5 the Act refers to existing Section 3141 (powers of courts and magistrates to set bond), to Section 3142 (surrender by bail), and to Section 3143 (additional bail). Section 3150 refers specifically to the Federal Criminal Rules provisions for forfeiture. Since the Act does not attempt to provide penalties for violation of the conditions of a money bond, there is no conflict with Rule 46(f). Indeed the specific reference to the Rule shows that the Act and the Rule are harmonious.

The legislative history of the Bail Reform Act offers scant enlightenment, but there is nothing in the history to suggest a congressional intention to supersede Rule 46(f). The House of Representatives proposed a technical amendment changing the title from "Violations or conditions of release" to "penalties for failure to appear", but it left the substance of the provision unchanged. See 1966 U.S.Code Cong. & Adm.News, pp. 2293, 2294. The hearings and floor debates offer few clues on Congressional intent.[7] After its enactment, however, the Criminal Division of the Department of Justice prepared an analysis of the Act, Memo No. 484, September 8, 1966. In referring to the forfeiture provision, the Department of Justice stated:

> The Act does not provide penalties for a violation of a condition of release short of failing to appear before a judicial officer or court as required. * * * For example, a person may be required to live at a specified address; however, if he lives elsewhere but appears as required before the judicial officer or court he is not subject to the penalties herein provided.

Largely on the basis of the Department's analysis, the District of Columbia Court of General Sessions held that the Bail Reform Act does not provide penalties for breach of any of the conditions of a bond except for failure to appear. United States v. Penn, 2 Crim.L.Rep. 3159 (D.C.Ct. of Gen.Sess.1968). In *Penn* the defendant sought review of the con-

5. 18 U.S.C. § 3150: "Whoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both, or (2) if he was released in connection with a charge of misdemeanor, be fined not more than the maximum provided for such misdemeanor or imprisoned for not more than one year, or both, or (3) if he was released for appearance as a material witness, shall be fined not more than $1,000 or imprisoned for not more than one year, or both. Added Pub. L. 89–465, § 3(a), June 22, 1966, 80 Stat. 216.

6. Fed.R.Crim.P. 46(f) (1): "If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail."

7. Hearings Before Subcomm. No. 5 of the House Comm. of the Judiciary, 89th Cong., 2d Sess. (1966); Hearings on Federal Bail Reform of the Subcomm. on Constitutional Rights and the Subcomm. on Improvements in Judicial Machinery of the Senate Comm. of Judiciary, 89th Cong., 1st Sess. (1965); Summary Report of Hearings and Investigation of the Subcomm. on Constitutional Rights and Subcomm. on Improvements in Judicial Machinery of the Senate Comm. of Judiciary, 88th Cong., 2d Sess. (1965); 112 Cong.Rec. 12488 (1966); 111 Cong. Rec. 24520 (1965).

ditions of his release on bail pursuant to 18 U.S.C. § 3146(d). In deciding whether to alter the conditions, the court examined the scope of the forfeiture provision of the Bail Reform Act as it relates to the duty imposed by the Act on the judicial officer to inform the person bailed of all penalties for violations of the conditions of his release.[8] The court said:

> In short, while the act contemplated that Judges will go to great lengths to establish a variety of conditions of release other than money bail, the act provides no method of enforcement and no penalty for violation of such conditions of release. The only penalties provided for are the penalties for wilful failure to appear before any Court or Judicial Officer. * * *

Id. at 3141.

We read the Department's analysis narrowly. The section of the analysis on which the court relied referred not to Rule 46 but only to the Bail Reform Act. The Department of Justice stated that the penalty provisions *of the Bail Reform Act* apply only to non-appearance; it did not say that breaches of other conditions were not subject to *any* penalties. Indeed, a careful reading of the opinion in *Penn* indicates that the court addressed itself only to the Bail Reform Act and not to the entire field of pretrial release.

■■■ Since the penalty provision of the Bail Reform Act is significantly more stringent than the penalty provision of Rule 46(f) (1), there is good reason for narrowly limiting the scope of the Bail Reform Act penalty to the most serious breach—nonappearance. This limitation, however, does not necessarily preclude imposition of less stringent penalties, such as forfeiture, for less serious violations of Rule 46(1) restrictions. We conclude, therefore, that since the Bail Reform Act specifically approved imposition of numerous conditions in liberalizing the availability of bail, Congress assumed that these conditions could be enforced effectively by some less stringent penalties than those specified in the Act for non-appearance. In short, there is no conflict between Rule 46(f) and the Bail Reform Act; the Rule and the Act are complementary and form a unified system for dealing with pretrial release.

The prior law supports this interpretation. The predecessor of § 3150, Act of 1954, ch. 772, § 3146, 68 Stat. 748,[9] provided penalties for bail-jumping. This section did not preclude forfeitures under Rule 46(f) (1) for a breach of condition other than bail-jumping. See Estes v. United States, 5 Cir. 1965, 353 F.2d 283; *cf.* United States v. D'Argento, N.D.Ill.1964, 227 F.Supp. 596, rev'd, 7 Cir. 1965, 339 F.2d 925. Section 3150 was enacted specifically to amend the bail-jumping penalty provision. It seems reasonable to conclude, therefore, particularly in view of the dearth of discussion on the issue, that § 3150 was not meant to change the pre-existing relation between the bail-jumping penalty provision and Rule 46(f) (1).

■ Brown argues, however, that since § 3151 of the Bail Reform Act

---

8. 18 U.S.C. § 3146(c): "A judicial officer authorizing the release of a person under this section shall issue an appropriate order containing a statement of the conditions imposed, if any, shall inform such person of the penalties applicable to violations of the conditions of his release and shall advise him that a warrant for his arrest will be issued immediately upon any such violation."

9. Act of 1954, ch. 772, § 3146, 68 Stat. 748: "Whoever, having been admitted to bail for appearance before any United States commissioner, or court of the United States, incurs a forfeiture of the bail and willfully fails to surrender himself within thirty days following the date of such forfeiture, shall, if the bail was given in connection with a charge of felony or pending appeal or given in connection with a charge of felony or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or, if the bail was given in connection with a charge of committing a misdemeanor, or for appearance as a witness, be fined not more than $1,000 or imprisoned not more than one year, or both. Nothing in this section shall interfere with or prevent the exercise by any court of the United States of its power to punish for contempt."

specifically preserves the court's power to punish for contempt,[10] Congress must have intended the remedies under the Bail Reform Act to be exclusive—forfeiture, fine, and imprisonment for nonappearance, and contempt for violations of other conditions. We are unconvinced that by including the contempt provision Congress intended to make the penalties in the Bail Reform Act exclusive. First, § 3151 does not say that all other breaches of conditions *other than nonappearance* are punishable only by contempt; it merely negatives any inference that the contempt power of the court has been changed by any of the provisions of the Bail Reform Act. Second, the considerations that enter into contempt are substantially different from considerations of enforcement of bail conditions; contempt is an ineffective measure to insure compliance with conditions of release. As the court noted in *Penn:* "Contempt power must be used sparingly, and only against deliberate or wilful contemptuous conduct toward the Court. Third party custodians under the Bail Reform Act hardly fit into this category". United States v. Penn, 2 Crim.L.Rep. at 3141. It is unlikely, therefore, in view of the scheme imposed to insure the appearance of a person released on bail that Congress intended that contempt be the sole method of enforcing breaches of conditions of release other than nonappearance.

The Fourth Circuit reached a similar conclusion in a case that arose out of the same operative facts as the instant case. Brown had violated a condition of his release on bail in Maryland by travelling to San Francisco and to Los Angeles. In United States ex rel. Brown v. Fogel, 4 Cir. 1968, 395 F.2d 291, the Court held that the Bail Reform Act, by its terms, was inapplicable, because the offense with which Brown was charged was "in violation of an Act of Congress". The relator argued, however, that forfeiture of a bond for violation of a travel restriction was contrary to the "spirit" of the Act; that the spirit of the Act should be used as a guide in determining whether the district judge abused his discretion in revoking bail. The Court held that the district judge had not abused his discretion in declaring a forfeiture of the bond for breach of travel restrictions:

> Surely, the Act's silence on a specific remedy to assure appearance after demonstrated breach of a condition of admission to bail under the Act indicates the extent of the Court's power under § 3151. The "spirit" of the Act is thus not to limit or to prescribe exclusive remedies for breach of a condition of release, other than appearance in appropriate cases. For breach of condition other than appearance, the Court when proceeding under the Act or under the inherent power may do all that is appropriate to the orderly progress of the trial and the fair administration of justice. *Cf.* Fernandez v. United States, 81 S.Ct. 642, 5 L.Ed. 683 (1961) (per Harlan, J., as Circuit Justice). 395 F.2d 291 at 293.

There is an additional reason for upholding the district court's power to declare a forfeiture for breach of travel restrictions. As we noted previously, Rule 46 broadly prescribes bail procedures. Rule 46(f)(1) provides for a forfeiture for breach of any condition of release. In conjunction with the Bail Reform Act, Rule 46 was amended to liberalize bail procedures.[11] But the forfeiture section of Rule 46 was not amended. One may infer from this omission, apparently deliberate, that Congress considered

10. 18 U.S.C. § 3151: "Nothing in this chapter shall interfere with or prevent the exercise by any court of the United States of its power to punish for contempt. Added Pub.L. 89–465, § 3(a), June 22, 1966, 80 Stat. 216."

11. Fed.R.Crim.P. 46: "(c) Terms. If the defendant is admitted to bail, the terms thereof shall be such as in the judgment of the commissioner or court or judge or justice will insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against him, the financial ability of the defendant to give bail, the character of the defendant, and the policy against unnecessary

the forfeiture provision of the Rule would not be affected by the Act.

 We hold, therefore, that a district judge has the power to declare a forfeiture of bond for breach of travel restrictions imposed as a condition of release on bail. In the instant case, the district judge remitted $10,000 of the forfeiture to be applied to the new bond. Rule 46(f) (4) provides that a court may remit all or part of a forfeiture in the interest of justice.[12] Imposition of forfeiture and remission are matters vested in the sound discretion of the district court. See Sifuentes-Romano v. United States, 5 Cir. 1967, 374 F.2d 620, 621; Estes v. United States, 5 Cir. 1965, 353 F.2d 283; United States v. Agueci, 2 Cir. 1967, 379 F.2d 277; Orfield, Criminal Procedure under the Federal Rules, § 46:129 (1956). We will not disturb a district judge's remission unless there has been a clear abuse of discretion. Smith v. United States, 5 Cir. 1966, 357 F.2d 486, 490; United States v. Carolina Cas. Ins. Co., 7 Cir. 1956, 237 F.2d 451, 453. On review of the record as a whole, we cannot say that the district judge abused his discretion. Accordingly, we affirm the $15,000 forfeiture and $10,000 remission.

We have considered but find it unnecessary to discuss in this opinion the questions raised on this appeal which are totally without merit.

The judgment is affirmed.

detention of defendants pending trial. (d) Form, Conditions and Place of Deposit. A person required or permitted to give bail shall execute a bond for his appearance. The commissioner or court or judge or justice, having regard to the considerations set forth in subdivision (c), may require one or more sureties, may authorize the acceptance of cash or bonds or notes of the United States in an amount equal to or less than the face amount of the bond, or may authorize the release of the defendant without security upon his written agreement to appear at a specified time and place and upon such conditions as may be prescribed to insure his appearance. Bail given originally on appeal shall be deposited in the registry of the district court from which the appeal is taken. * * * (h) Supervision of Detention Pending Trial. The court shall exercise supervision over the detention of defendants and witnesses within the district pending trial for the purpose of eliminating all unnecessary detention. The attorney for the government shall make a biweekly report to the court listing each defendant and witness who has been held in custody pending indictment, arraignment or trial for a period in excess of ten days. As to each witness so listed the attorney for the government shall make a statement of the reasons why such witness should not be released with or without the taking of his deposition pursuant to Rule 15(a). As to each defendant so listed the attorney for the government shall make a statement of the reasons why the defendant is still held in custody. As amended [April 9, 1956, eff. July 8, 1956] Feb. 28, 1966, eff. July 1, 1966."

12. Fed.R.Crim.P. 46(f) (4): "After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision."

Fed.R.Crim.P. 46(f) (2) provides the conditions under which a district judge may remit all or part of a forfeiture:

"(2) Setting Aside. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture."