**UNITED STATES of America,**
**Plaintiff,**

v.

**NATIONAL DAIRY PRODUCTS COR-**
**PORATION and Raymond J. Wise,**
**Defendants.**

**No. 20542.**

United States District Court
W. D. Missouri, W. D.

May 1, 1963.

676

See also 231 F.Supp. 663.

Earl A. Jinkinson, Chief, Anti-Trust Division, Department of Justice, Chicago, Ill., for plaintiff.

John T. Chadwell, Snyder, Chadwell, Kack, Kayser & Ruggles, Chicago, Ill., John H. Lashly, Lashly, Lashly & Miller, St. Louis, Mo., Martin J. Purcell, Kansas City, Mo., Richard W. McLaren, Chicago, Ill., and Morrison, Hecker, Cozad & Morrison, Kansas City, Mo., for defendants.

JOHN W. OLIVER, District Judge.

Defendant Wise's motion to dismiss alleges that this count "fails to charge an offense under Section 3 of the Robinson-Patman Act (15 U.S.C. § 13a) or any other federal criminal statute".

Defendant argues generally that it is impossible to tell what offense, if any, count thirteen was meant to charge against defendant Wise; that defendant Wise is not named as a principal under Section 3 of the Robinson-Patman Act; that a charge will not lie against defendant Wise either under Section 14 of the Clayton Act or under Section 2 of Title 18 U.S.Code; and that even if the latter general section could be said to be applicable, count thirteen must be dismissed because it does not adequately allege a violation of that section.

We quite agree with defendant that the Supreme Court's footnote reference to count thirteen on page 30 of 372 U.S. 29, on page 596 of 83 S.Ct. 594, 9 L.Ed.2d 561 reporting United States v. National Dairy Corp., did not definitely determine that defendant Wise was properly made a party defendant in count thirteen. But neither did that case intimate that he was not properly named. In our determination of that question we must, as the Supreme Court held in that case it must, apply the well-established general principle that courts in ruling such a question are bound by the well-pleaded allegations of the indictment.

■ It is not necessary to discuss defendant's dissection of each word and phrase of the indictment. An indictment must fairly be read as a whole. Paragraph 90 incorporates by reference the first fifteen paragraphs of the indictment, excepting only paragraph 3. Defendant Wise is named as a co-defendant and described as an officer and director of the corporate defendant in paragraph 91. Specifically, that paragraph alleged that:

"Defendant Wise authorized or ordered to be done some or all the acts alleged in this count of this indictment to have been done by National."

Paragraph 92 specifically alleges that "National, acting through * * * defendant Wise * * * sold milk, * * at unreasonably low prices for the purpose of destroying competition * * * in violation of Section 3 of the * * * Robinson Patman Act".

■■ An indictment is "sufficient if it clearly informs the defendant of the precise offense with which he is charged so that he may prepare his defense and so that a judgment thereon will safeguard him from a subsequent prosecution for the same offense". 4 Barron & Holtzoff, Federal Practice and Procedure § 1914. See also Russell v. United States, 369 U.S. 749, 762, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Hewitt v. United States, 8th Cir. 1940, 110 F.2d 1, cert. denied 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409 (1940). The indictment in this case is sufficient to meet those requirements.

■ We need not discuss in detail defendant's arguments concerning Section 3 of the Robinson-Patman Act or those which relate to Section 14 of the Clayton Act. We think it clear that violations of those sections are sufficiently alleged. The short answer, however, to defendant's complete argument is that there can be no doubt but that defendant Wise is fairly charged under Section 2 of Title 18 U.S.C. That section provides:

"§ 2. Principals

"(a) Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal.

"(b) Whoever causes an act to be done, which if directly performed by him would be an offense against the United States, is also a principal and punishable as such."

The revisor's note concerning Section 2(b) explains the Congressional meaning of that section. It is there stated:

"Section 2(b) is added to permit the deletion from many sections throughout the revision of such phrases as 'causes or procures'.

"The section as revised makes clear the legislative intent to punish as a principal not only one who directly commits an offense and one who 'aids, abets, counsels, commands, induces or procures' another to commit an offense, but also anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States.

"It removes all doubt that one who puts in motion or assists in the illegal enterprise or causes the commission of an indispensable element of the offense by an innocent agent or instrumentality, is guilty as a principal even though he intentionally refrained from the direct act constituting the completed offense."

■ We do not think, as defendant argues, that Congress by the phraseology used in the various anti-trust laws involved, rejected what defendant calls "the general aider and abettor statute". We do not think that what was said in footnote 4 on page 412 of 370 U.S. 405, on page 1359 of 82 S.Ct. 1354, 8 L.Ed.2d 590, reporting United States v. Wise, indicates in any way that the Supreme Court specifically reserved the question of the applicability of Section 2 of Title 18 U.S.C. to the anti-trust laws, or that it entertained any real doubt on that score. It merely said that

it was "unnecessary to consider" that question. We have considered the question and determine it against defendant's contention.

For the reasons stated, defendant Wise's motion to dismiss count thirteen should be and the same is hereby denied.

It is so ordered.