**UNITED STATES of America,
Plaintiff,**

**v.**

**Lawrence Eugene WRAY, Defendant.**

**Crim. A. No. 73 CR 169-W-3.**

United States District Court,
W. D. Missouri, W. D.

Dec. 28, 1973.

Robert G. Ulrich, Asst. U. S. Atty., W. D. Mo., Kansas City, Mo., for plaintiff.

Charles A. Gallipeau, Kansas City, Mo., for defendant.

FINAL JUDGMENT AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR FAILURE TO STATE AN OFFENSE WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Defendant was charged in an information[1] in one count of knowingly making a false written statement in connection with the acquisition of a firearm, all in violation of Sections 922(a)(6) and 924(a), Title 18, United States Code. Upon arraignment, defendant entered a plea of guilty to the charge, upon which he was convicted on October 25, 1972, and committed for a maximum term to the custody of the United States Attorney General for a study and recommendation for final sentence under the provisions of Section 4208(b), Title 18, United States Code. For the convenience of the defendant, execution of sentence was originally stayed until November 8, 1972, and thereafter was further stayed until November 13, 1972, at which time defendant was ordered to surrender to the United States Marshal for service of the sentence, and to be later returned to Court with the report and recommendation for final sentencing.

The defendant did not surrender himself to the custody of the United States Marshal on November 13, 1972, as ordered by this Court. On December 6, 1972, revocation and forfeiture of defendant's bail bond was ordered, and a warrant ordered to issue for defendant's arrest. Thereafter the earlier order of October 25, 1972, was vacated and the United States Marshal was ordered to produce defendant for sentencing on March 13, 1973.

On March 13, 1973, defendant was again committed to the custody of the Attorney General for the purposes of a study and recommendation under Section 4208(b), Title 18, United States Code. This sentence was effective immediately.

On July 5, 1973, a final sentence of five years imprisonment of defendant under Section 4208(a)(2), Title 18, United States Code, was imposed.

On June 27, 1973, the following indictment was returned:

"On or about the 13th day of November, 1972, in the Western District of Missouri, LAWRENCE EUGENE WRAY, having been convicted of violation of 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 924(a), a felony, and having been admitted to bail and released pursuant to the provisions of 18 U.S. C. § 3148, and ordered by the United States District Court for the Western District of Missouri to surrender himself on the 13th day of November, 1972, to the United States Marshal for the Western District of Missouri for execution of the sentence imposed in Case No. 23892–3 entitled United States v. Lawrence Wray, wilfully (sic) did fail to surrender himself as

---

1. This action was transferred to this district from the District of Wyoming pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

required, all in violation of 18 U.S.C. § 3150."

On October 4, 1973, defendant filed herein a motion to dismiss the indictment for failure to state an offense, therein stating as follows:

"1. Defendant is charged in an (sic) one count indictment charging violation 18 U.S.C. sec. 3150, commonly known as 'bond jumping'.

"2. The indictment states that defendant violated the aforementioned law by failing to surrender himself on the 13th day of November, 1972 to the United States Marshall (sic) for the Western District of Missouri for execution of the sentence imposed in Case No. 23892–3 entitled United States v. Lawrence Eugene Wray.

"3. Defendant states that said allegations fail to state an offense under the provisions of 18 U.S.C. sec. 3150 in that a United States Marshall (sic) is not a 'court or judicial officer' as set forth in that section or as defined in sec. 3152 of the same Title."

Plaintiff failed to file a response or suggestions in opposition to defendant's motion to dismiss, therefore an order was entered on November 16, 1973, directing plaintiff to show cause why the defendant's motion to dismiss should not be granted.

On November 30, 1973, counsel for plaintiff filed herein a response to the show cause order of November 16, 1973, therein asserting as follows:

"The basis for defendant's motion to dismiss the indictment is defendant's contention that a United States Marshal is not a 'court or judicial officer' within the meaning of Section 3152, Title 18, United States Code as applied to Section 3150 of the same Title. Therefore, defendant asserts that the indictment charging him with the failure to surrender himself to the United States Marshal as required in the Court's Order does not constitute a crime as contemplated by 18 United States Code, Section 3150. In support of his contention, defendant cites

United States v. Clark, 412 F.2d, 885 (5th Cir. 1969). In *Clark,* the defendant was convicted of violation of 18 United States Code, Section 3150. The defendant appealed from judgment entered by the United States District Court for the Southern District of Mississippi, and the United States Court of Appeals, Fifth Circuit, held that the defendant, who had failed to keep an appointment with his probation officer as directed by his probation officer did not violate 18 United States Code, Section 3150, which provides penalties for failure to appear before a 'judicial officer.'

"The *Clark* case can be distinguished from the case now before this Court. In *Clark,* the defendant had reported to the probation officer as directed by the Court for his initial interview, and was directed by the *probation officer* to report to him again the next day. The defendant failed to appear as directed by the *probation officer*. In the case now at bar, this Court entered its Order directing the defendant to report to the United States Marshal for the Western District of Missouri, to commence serving the sentence imposed by this Court in Case No. 23892–3, entitled United States v. Lawrence Eugene Wray, and the defendant failed to appear as directed by the Court. Certainly the Court is a 'judicial officer' within the meaning of 18 United States Code, Section 3152 as applied to Section 3150. It is the Government's position that, though no cases supporting its position could be found, by directing the defendant to surrender himself at a specific time and place to the United States Marshal, Western District of Missouri, rather than to the Court directly, the Court compelled the said United States Marshal, for the purposes of Section 3150, Title 18, United States Code, to act as an arm of the Court. Therefore, the Order directing the defendant's surrender to the Marshal as the Court's arm for the limited purpose expressed

therein was actually a constructive Order directing the defendant to surrender to the Court through the United States Marshal for the Western District of Missouri. Thus, by failing to report to the United States Marshal for the Western District of Missouri, as alleged in the indictment, the defendant violated 18 United States Code, Section 3150."

The critical question raised by defendant is whether the indictment herein fails " . . . to state an offense under the provisions of 18 U.S.C. sec. 3150 in that a United States Marshall (sic) is not a 'court or judicial officer' as set forth in that section or as defined in sec. 3152 of the same Title."

The decisions on this question are not harmonious. Supporting the contention of the government is United States v. West, 477 F.2d 1056 (4th Cir. 1973), the only reported case directly in point. Nevertheless, an examination of the legislative history of Sections 3150 and 3152 and other decisions lead to a contrary conclusion.

Section 3150, Title 18, United States Code, provides, in material parts, as follows:

"Whoever, having been released pursuant to this chapter, *willfully fails to appear before any court or judicial officer as required,* shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge or felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both. . . ." (Emphasis added.)

The term "judicial officer," as used in Section 3150, is defined in Section 3152, Title 18, United States Code, as follows:

"As used in section 3146–3150 of this chapter—

(1) The term judicial officer means, unless otherwise indicated, any person or court authorized pursuant to section 3041 of this title, or the Federal Rules of Criminal Procedure, to bail or otherwise release a person before trial or sentencing or pending appeal in a court of the United States, and any judge of the District of Columbia Court of General Sessions; and. . . . ."

In support of his motion to dismiss defendant cites the Fifth Circuit case of United States v. Clark, 412 F.2d 885 (5th Cir. 1968). In the *Clark* case, the defendant had reported to a designated probation officer as directed by the Court. After reporting, the defendant requested permission to go to the home of his grandparents. This request was granted by the probation officer upon condition that the defendant return to the probation officer the following morning. Defendant failed to appear as directed by the probation officer and an indictment was filed charging the defendant with the same.

In holding that the defendant's failure to appear before a probation officer did not constitute an offense under Section 3150, the Court of Appeals in the *Clark* case noted a defect in the government's argument with respect to the definition of the term "judicial officer" as used in Sections 3150 and 3152:

"The government argues in its brief that a probation officer is a court assistant or judicial officer because he is appointed by the court, 18 U.S.C.A. § 3654, and because he must perform such duties as the court may direct. 18 U.S.C.A. § 3655. Nowhere in its brief, however, does the government make mention of 18 U.S.C.A. § 3152 which expressly defines the term 'judicial officer' as that term was intended to be used in the Bail Reform Act.

\* \* \* \* \* \*

"References to § 3041 of title 18 and to the Rules of Criminal Procedure reveals no motion of a probation officer in connection with the authority 'to bail or otherwise release a person before trial or sentencing or pend-

ing appeal. . . . .' The sections of the United States Code relied on by the government cannot remedy this deficiency. They may indicate that a probation officer is an arm of the court and under its supervision, but they do not make him a judicial officer as that term is expressly defined by the Bail Reform Act." United States v. Clark, *supra* at 889.

■ Although the *Clark* case can be distinguished from the case at bar, in that Clark was charged with failing to appear before a United States probation officer as directed by such probation officer, while in this case defendant is charged with failing to surrender to a United States Marshal as ordered by the Court, the reasoning of the Court of Appeals in the *Clark* case in defining the phrase "judicial officer" to exclude a probation officer, is equally applicable to the United States Marshal.

There are no controlling or persuasive judicial decisions in this district[2] or this circuit[3] on the question whether failing to surrender to the United States Marshal constitutes an offense under Section 3150. Under such circumstances, the legislative history of the Bail Reform Act of 1966, which established Sections 3150 and 3152,[4] should be reviewed.

In drafting and passing the Bail Reform Act of 1966, Public Law 89–465, 80 Stat. 216 (June 22, 1966), Congress made an effort to eliminate wealth as a condition of obtaining release on bail. *See,* Brown v. United States, ·410 F.2d 212, 214 (5th Cir. 1971) and remarks of former President Johnson at 112 Cong. Rec. 14462 (1966) as noted in Brown v.

2. Although there do not appear to be any reported cases in this district involving Section 3150 and facts similar to those presented herein, there is one reported case in this district involving an indictment under Section 3150 for failing to appear with respect to a motion to suppress. United States v. Reed, 354 F.Supp. 18 (W.D.Mo.1973). In the *Reed* case, the Court concluded that "[v]iolation of the conditions of the bond, standing alone, is not sufficient evidence to support a conviction under § 3150." The Court held that the evidence did not establish that the defendant, who had been in state custody and who apparently requested his attorney to so advise the Court, had "willfully" failed to appear.

3. Although there do not appear to be any reported cases of the Court of Appeals for the Eighth Circuit involving Section 3150 and facts similar to those presented herein, there is one reported case of that Court of Appeals involving an indictment under Section 3150 for failing to appear in court for retrial. United States v. DePugh, 434 F.2d 548 (8th Cir. 1970), cert. denied, 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 328 (1971). The Court of Appeals held that the failure of the indictment to allege the forfeiture of bail did not render it fatally defective. The Court further held that the conviction for violating Section 3150 would be affirmed, although the defendant was not given notice of the required court appearance, when the defendant knew that he had been granted retrial and wilfully became a fugitive from justice.

4. The Bail Reform Act of 1966, Public Law 89–465, 80 Stat. 216 (June 22, 1966), amended Chapter 207 of Title 18, United States Code, by repealing the former section (18 U.S.C. § 3146) which prohibited bail jumping, and inserting in lieu thereof seven new sections numbered 3146 through 3152. *See,* H.Rep.No.1541, 89th Cong., 2d Sess., 2 U.S.Code Congressional and Administrative News, pp. 2293, 2295 (1966). Former Section 3146, Act of 1954, 68 Stat. 748, which was repealed by the Bail Reform Act of 1966, provided as follows:

"Whoever having been admitted to bail for appearance before any United States commissioner or court of the United States, incurs a forfeiture of the bail and willfully fails to surrender himself within thirty days following the date of such forfeiture, shall, if the bail was given in connection with a charge of felony or pending appeal or given in connection with a charge of felony or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or, if the bail was given in connection with a charge of committing a misdemeanor, or for appearance as a witness, be fined not more than $1,000 or imprisoned not more than one year, or both. Nothing in this section shall interfere with or prevent the exercise by any court of the United States of its power to punish for contempt."

United States, *supra* at 214 fn. 3. The purpose of the Act was clearly expressed in the Report of the Judiciary Committee to the House of Representatives, which states, in part, as follows:

"The purpose of S. 1357, as amended, is to revise existing bail procedures in the courts of the United States including the courts of the District of Columbia in order to assure that all persons, regardless of their financial status shall not needlessly be detained pending their appearance to answer charges, to testify, or pending appeal, when detention serves neither the ends of justice nor the public interest. In addition, it will assure that persons convicted of crimes will receive credit for time spent in custody prior to trial against service of any sentence imposed by the court. Accordingly, the bill amends chapter 207 of title 18, United States Code, by repealing the present bail jumping section (sec. 3146) and inserting in lieu thereof seven new sections, numbered 3146 through 3152. . . ." H. Rep.No. 1541, 89th Cong., 2d Sess., 2 U.S.Code Congressional and Administrative News 2293, 2295 (1966).

But, the legislative history of the Bail Reform Act fails to provide a clear definition of the phrase "judicial officer" as used in Section 3150. In one of the few references to Section 3150, the House Report states, in part, as follows:

"Section 3150 relates to penalties for failure to appear. It provides that a person released pursuant to chapter 207 of title 18, United States Code, who willfully fails to appear before any court or judicial officer as required, shall, in addition to any forfeiture of security given as a pledge for his release, be fined not more than $5,000 or imprisoned not more than 5 years, or both, if he was released on a charge concerning a felony, or while he was awaiting sentence or pending appeal or certiorari, after the conviction of any such offense. If such person was released in connection with a misdemeanor charge, the penalty shall be not more than that provided for such misdemeanor." H.Rep.No. 1541, 89th Cong., 2d Sess., 2 U.S.Code Congressional and Administrative News 2293, 2305 (1966).

One other legislative reference to Section 3150 is noted in Brown v. United States, *supra* at 216, wherein the following is stated:

". . . The predecessor of § 3150, Act of 1954, ch. 772, § 3146, 68 Stat. 748 provided penalties for bail-jumping. This section did not preclude forfeitures under Rule 46(f)(1) for a breach of condition other than bail-jumping. See Estes v. United States, 5 Cir. 1965, 353 F.2d 283; *cf.* United States v. D'Argento, N.D.Ill. 1964, 227 F.Supp. 596, rev'd, 7 Cir. 1965, 339 F.2d 925. *Section 3150 was enacted specifically to amend the bail-jumping penalty provision.* It seems reasonable to conclude, therefore, particularly in view of the dearth of discussion on the issue, that § 3150 was not meant to change the pre-existing relation between the bail-jumping penalty provision and Rule 46(f)(1)." (Emphasis added.) *See also,* United States v. DePugh, 434 F.2d 548, 551 (8th Cir. 1970), cert. denied, 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 328 (1971).

One of the few references to the term "judicial officer," in the legislative history is found in the House Report on Public Law 89–465. It is as follows:

"Amendment No. 11 adds to the definition of the term 'judicial officer' the phrase 'or court'. Since the act includes a judge of the District of Columbia court of general sessions in the definition of 'judicial officer', it is necessary to add the words 'or court' because those judges sit as committing magistrates for felonies to be tried in the U.S. District Court for the District of Columbia." H.Rep.No. 1541, 89th Cong., 2d Sess., 2 U.S.Code Congressional and Administrative News 2293, 2294 (1966).

The foregoing legislative history, acknowledged to be scant, might be considered significant on the basis of what was not stated, as opposed to that which was stated concerning the scope and purposes of Sections 3150 and 3152. It appears that Congress apparently did not contemplate the situation herein during the drafting and passage of the Bail Reform Act of 1966 for there is no indication that the term "judicial officer" was ever intended to encompass a United States Marshal, or any other person outside the express description in Section 3152.

Applicable case law on the issue to be decided herein appears equally scant. Some decisions involving the nature of the proceedings to which Section 3150 is applicable can be found with respect to the following other offenses based on that section: (1) failure to appear in court for an arraignment, United States v. Cohen, 450 F.2d 1019 (5th Cir. 1971); (2) failure to appear in court with respect to pretrial motions, United States v. Reed, 354 F.Supp. 18 (W.D.Mo.1973) and United States v. Cardillo, 473 F.2d 325 (4th Cir. 1973); (3) failure to appear in court for trial, United States v. Luis, 418 F.2d 439 (5th Cir. 1959) and United States v. Bourassa, 411 F.2d 69 (10th Cir. 1969); (4) failure to appear in court for retrial, United States v. DePugh, *supra*; and (5) failure to appear in court for sentencing, Haslam v. United States, 431 F.2d 362 (9th Cir. 1970) and United States v. Hanks, 340 F.Supp. 625 (D.Kan.1972).

Reported cases involving the offense of failing to appear or surrender to a United States Marshal in violation of Section 3150 appear to be confined to a single decision in the United States Court of Appeals for the Fourth Circuit in the case of United States v. West, 477 F.2d 1056 (4th Cir. 1973). The facts in the *West* case are quite similar to the

facts in the case at bar. In that case the defendant, Tammy Ray West, was convicted and sentenced May 4, 1972. Upon motion of defendant's counsel, the District Court extended West's appearance bond until May 15, 1972, at which time he was directed to report to the United States Marshal to commence serving his sentence. The defendant failed to surrender to the United States Marshal, and on these facts was subsequently convicted of bail-jumping, all in violation of Section 3150, Title 18, United States Code. Defendant challenged the conviction, contending that his failure to report to the United States Marshal as ordered was not an offense punishable under Section 3150, in that the United States Marshal was neither a court nor a judicial officer.

The District Court rejected defendant's contentions and upheld the conviction. The Court of Appeals affirmed, stating as follows:

"We have also examined the applicable ruling of the Federal Rules of Criminal Procedure, Rule 46, and find no express or implied mention of a Marshal in connection with the authority to bail or otherwise release a person before trial or sentencing or pending appeal. *In view of this restrictive definition of 'judicial officer,' we agree with defendant that a United States Marshal is not a judicial officer under 18 U.S.C. § 3150.*

"Notwithstanding the fact that a United States Marshal is not to be equated with a judicial officer under § 3150, we affirm West's conviction. The essence of the crime of bail jumping is willful failure to appear before 'any court or judicial officer as required.' As a condition[5] of defendant's bond, the court ordered him to report to the United States Marshal at a specific time to begin serving his

5. *See,* United States v. Reed, 354 F.Supp. 18, 20 (W.D.Mo.1973), wherein the District Court concluded that "[v]iolation of the conditions of the bond, standing alone, is not sufficient evidence to support a conviction under § 3150."

sentence. An unnecessary waste of judicial time and energy would result if we were to require that each person in West's position appear before the court itself. No discretionary action at all is involved.

"Under these circumstances it is appropriate to view the United States Marshal as the designated agent of the court for the limited purpose of taking West into custody. *Cf.* United States v. Cardillo, 473 F.2d 325 (4th Cir. 1972).[6] Accordingly, we dispense with oral argument and affirm the judgment of the court below." (Emphasis added.)

The conclusion of the Court of Appeals in the *West* case that a United States Marshal is not a "judicial officer" within the terms of Sections 3150 and 3152 is sound. Furthermore, it is true, as stated in the *West* case, that "[a]n unnecessary waste of judicial time and energy would result if we were to require that each person [who was to commence service of sentence] . . . appear before the court" or a judicial officer such as a United States magistrate. United States v. West, *supra* at 1058. However, the need for conserving judicial resources should not become the decisive factor in the construction of the criminal statute under consideration. This need for conservation of judicial resources cannot justify any substantive deviation from applicable federal standards for construing criminal statutes, and testing indictments based thereon.

■■ Counsel for plaintiff essentially seeks to persuade this Court that the criminal statute upon which the indictment is based should be construed so as to include the act of failing to surrender to the United States Marshal. Such a construction would necessitate an ultra-liberal interpretation of Section 3150. In contrast, the Supreme Court of the United States has consistently held that criminal statutes are to be strictly construed, both with respect to the act charged and the offense and the penalty imposed. United States v. Campos-Serrano, 404 U.S. 293, 92 S.Ct. 471, 30 L. Ed.2d 457 (1971); Pierce v. United States, 314 U.S. 306, 62 S.Ct. 237, 86 L. Ed. 226 (1941); Anderson, 1 Wharton's Criminal Law and Procedure, §§ 19, 40 (1957). A criminal statute cannot be extended by intendment and the act or acts must be plainly and unmistakably within the confines of the offense as set forth in the statute. United States v. Resnick, 299 U.S. 207, 57 S.Ct. 126, 81 L.Ed. 127 (1936). Further, any ambiguity or doubt concerning the scope of the statute should be resolved in favor of the defendant. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

Applying these standards of statutory construction to the case at bar, it is concluded that failing to surrender to the United States Marshal does not constitute an offense under Section 3150.

Under Rule 7(c)(1)[7] of the Federal Rules of Criminal Procedure, and feder-

---

6. Little support can be found in the case of the United States v. Cardillo, *supra*, for the holding of the Court of Appeals in the *West* case. The *Cardillo* case involved an indictment under Section 3150 for failure to appear in Court with respect to a hearing on a motion to modify the conditions of Cardillo's bond. In its opinion, the Court noted that, for purposes of notice by a "judicial officer" under Section 3146(c), the courtroom clerk " . . . acted under the guidance of and as the agent for the presiding judge." It should be noted that the "agency" relationship to which the Court refers was in the context of a courtroom clerk performing

an act at the direction and *in the presence* of the presiding judge. This is to be compared to the federal situation in the *West* case wherein the defendant was directed to surrender to a United States Marshal who was to take custody of the defendant outside the confines of a courtroom and in the absence of a presiding judge.

7. Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an indictment must be a " . . . plain, concise and definite statement of the *essential facts constituting the offense charged.*" (Emphasis added.)

al standards for testing the sufficiency of an indictment, as set forth by the Supreme Court of the United States in Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861, 865 (1932),[8] the indictment in this case is fatally defective for it does not state facts establishing an offense under Section 3150. Fairly reading the indictment as a whole, United States v. National Dairy Products Corp., 231 F.Supp. 675, 677 (W.D.Mo.1963), and avoiding any technical construction, it is insufficient under any reasonable, modern and practical standards of review. The language of the indictment must control, United States v. Hutchesen, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788, 791 (1941), and specific reference to the official citation of the statute (18 U.S.C. § 1350), which in certain cases may provide a means by which a defendant can inform himself of the elements of the offense, Gearing v. United States, 432 F.2d 1038 (5th Cir. 1970), cert. denied, 401 U.S. 980, 91 S.Ct. 1213, 28 L.Ed.2d 331 (1971), cannot provide the essential elements of an offense under Section 3150 in the case at bar or otherwise cure the defects in the present indictment.

The undisputed facts thus far presented in the case at bar, although not constituting an indictable offense under Section 3150, may provide the basis for a proceeding of criminal contempt against the defendant under Section 401(3),[9] Title 18, United States Code. See, e. g., Green v. United States, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958); United States v. Thompson, 214 F.2d 545 (2d Cir. 1954); United States v. Hall, 198 F.2d 726 (2d Cir. 1952); United States v. Clark, supra 412 F.2d at 891–892. In a similar factual situation to the case at bar, the United States Supreme Court stated, in Green v. United States, 356 U.S. 165, 173, 78 S.Ct. 632, 637, 2 L.Ed.2d 672, 682 (1958), as follows:

> "It may be true, as petitioners state, that this case and those of the other absconding Dennis defendants . . . provide the first instances where a federal court has exercised the contempt power for disobedience of a surrender order. But the power to punish for willful disobedience of a court order, once found to exist, cannot be said to have atrophied by disuse in this particular instance. *Indeed, when Congress in 1954 made bail-jumping a crime in 18 USC § 3146, it expressly preserved the contempt power in this very situation.* We find support in neither history nor policy to carve out so singular an exception from the clear meaning of § 401(3)." (Emphasis added.)

8. In Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861, 865 (1932) the Supreme Court of the United States set forth the "true test of the sufficiency of an indictment" as follows:
"  . . . The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and 'sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' Cochran v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 39 L.Ed. 704, 705; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606, 607, 10 Am.Crim.Rep. 151." See also, United States v. Debrow, 346 U. S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953); Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. Edwards, 443 F.2d 1286, 1290 (8th Cir. 1971); United States v. Anderson, 447 F.2d 833, 835 (8th Cir. 1971); Hewitt v. United States, 110 F.2d 1, 5 (8th Cir. 1940) cert. denied, 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409 (1940); Anderson v. United States, 262 F.2d 764, 769 (8th Cir. 1959) cert. denied, 360 U.S. 929, 79 S.Ct. 1446, 3 L.Ed.2d 1543 (1959).

9. Section 401(3), Title 18, United States Code, in material part, provides as follows:
"A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—
(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

Former Section 3146,[10] to which the Supreme Court in the *Green* case referred, effectively provided as follows:

". . . Nothing in this section shall interfere with or prevent the exercise by any court of the United States of its power to punish for contempt." Act of 1954, ch. 772, 68 Stat. 748.

This statutory provision saving the contempt powers was continued in the Bail Reform Act of 1966 and it is presently embodied in Section 3151, Title 18, United States Code, in nearly the same form as it appeared in former Section 3146.[11]

Thus, the Supreme Court's finding in the *Green* case, that Congress "expressly preserved the contempt power in this very situation," is apparently equally applicable to the facts of this case.

Based on the foregoing reasons, the record presented and the suggestions in support and in opposition to the motion under consideration herein, it is concluded that the present indictment is insufficient in that it fails to adequately state an offense under Section 3150. Therefore, defendant's motion to dismiss the indictment for failure to state an offense will be granted without prejudice to the subsequent filing and prosecution of an action for criminal contempt under Section 401(3), Title 18, United States Code.

For the foregoing reasons, it is therefore

Ordered and adjudged that defendant's motion to dismiss the indictment herein for failure to state an offense be, and it is hereby, granted without prejudice to the filing and prosecution of an action for criminal contempt of this Court under Section 401(3), Title 18, United States Code.

10. See Footnote 4, *supra.*

11. Section 3151, Title 18, United States Code, provides as follows:

"Nothing in this *chapter* shall interfere with or prevent the exercise by any court

of the United States of its power to punish for contempt." (Emphasis added.)
Only the word "chapter" was changed from the original provision of former Section 3146 saving the contempt power.