UNITED STATES of America, Appellee,

v.

Roger Raoul DUCHARME, Defendant–Appellant.

Docket No. 99–1103.

United States Court of Appeals, Second Circuit.

Argued Sept. 13, 1999.

Decided Sept. 22, 1999.

---

John M. Conroy, Assistant United States Attorney, for Charles R. Tetzlaff, United States Attorney, and David V. Kirby, Chief, Criminal Division, Burlington, VT, for Appellee.

Thomas A. Zonay, Pratt Vreeland Kennelly & Zonay, Rutland, VT, for Defendant–Appellant.

Before: VAN GRAAFEILAND, CALABRESI, and SACK, Circuit Judges.

PER CURIAM:

Defendant Roger Raoul Ducharme appeals from a judgment of conviction entered in the United States District Court for the District of Vermont (Murtha, C.J.). Defendant was found guilty of violating 18 U.S.C. § 3150 (1982) (repealed 1984) by willfully not appearing before the United States Marshal to begin serving his sentence, as he was ordered to do, after having been released on bail. Section 3150 made criminal the willful failure to appear "before any court or judicial officer." The sole issue presented in this appeal is whether the defendant's admitted nonappearance constitutes a violation of § 3150. We join the several other courts of appeals that have held that, although a United States Marshal is not a "court or judicial officer," failure to appear before such a marshal, when ordered by a court to do so, violates § 3150.

BACKGROUND

Appellant Ducharme was indicted in 1979 by a federal grand jury for participating in a continuing criminal enterprise involving the distribution of marijuana and hashish, in violation of 21 U.S.C. § 848 (1994) (effective 1971). After arraignment, he was released on an appearance bond. He pleaded guilty to the charges, reserving the right to appeal the denial of his earlier motion to suppress, and was sentenced to ten years' imprisonment. The district court stayed execution of the sentence pending appeal. In 1982, Ducharme's conviction and sentence were affirmed by this court. *See United States v. Lace,* 669 F.2d 46 (2d Cir.1982).

On December 8, 1982, the district court issued an Order of Commitment directing Ducharme to surrender to the United States Marshal in Burlington, Vermont, by December 20, 1982, to begin serving his sentence. Ducharme failed to appear. He remained a fugitive for more than fifteen years.

In 1983, Ducharme was indicted for "willfully and knowingly ... fail[ing] to appear before the Court and the United States Marshal as required" in violation of the federal bail-jumping statute, 18 U.S.C. § 3150. In 1998, Ducharme was arrested. After arraignment on the bail-jumping charge, Ducharme moved to dismiss the indictment on the ground that the 1982 Order of Commitment did not direct him to appear "before a court or judicial officer," as he claims is required by § 3150, but rather before the U.S. Marshal, and that, therefore, his failure to appear did not violate § 3150. The district court denied the motion. Ducharme pleaded guilty, reserving his right to appeal that denial. He now renews his claim that failure to appear before the U.S. Marshal does not violate § 3150. We reject Ducharme's contentions and affirm the judgment of the district court.

## DISCUSSION

■ The federal bail-jumping statute in effect in 1982, when Ducharme did not appear as ordered before the U.S. Marshal, provided in relevant part:

Whoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required, shall ... (1) if he was released in connection with the charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both....

18 U.S.C. § 3150.[1] The term "judicial officer" was defined by 18 U.S.C. § 3156(a)(1) as "any person or court authorized pursuant to section 3041 of this title, or the Federal Rules of Criminal Procedure, to bail or otherwise release a person before trial or sentencing or pending appeal in a court of the United States." Neither § 3041 nor the Federal Rules of Criminal Procedure authorized the U.S. Marshal to bail or release a person. *See id.* § 3041; Fed.R.Crim.P. 46.

Ducharme is correct, therefore, that the U.S. Marshal is not a "court or judicial officer" under § 3150. We nevertheless join the other circuits that have held that, although the U.S. Marshal is not a court or judicial officer, failure to appear before a U.S. Marshal to begin serving a sentence, as ordered by a district court, violates § 3150. *See United States v. Burleson,* 638 F.2d 237, 238 (10th Cir.1981); *United States v. Harris,* 544 F.2d 947, 949 (8th Cir.1976); *United States v. Logan,* 505 F.2d 35, 37 (5th Cir.1974); *United States v. West,* 477 F.2d 1056, 1058 (4th Cir.1973).

In *West,* the Fourth Circuit explained:

The essence of the crime of bail jumping is willful failure to appear before "any court or judicial officer as required." As a condition of defendant's bond, the court ordered him to report to the United States Marshal at a specific time to begin serving his sentence. An unnecessary waste of judicial time and energy would result if we were to require that each person in [defendant's] position appear before the court itself. No discretionary action at all [on the part of the marshal] is involved.

Under these circumstances it is appropriate to view the United States Marshal as the designated agent of the court for the limited purpose of taking [the defendant] into custody.

*West,* 477 F.2d at 1058. Subsequently, the Fifth, Eighth, and Tenth Circuits adopted the reasoning of *West. See Burleson,* 638 F.2d at 238; *Harris,* 544 F.2d at 949; *Logan,* 505 F.2d at 37.

The First Circuit has extended *West's* reasoning to hold that failure to appear at a designated prison to begin serving a sentence, as ordered by a district court, also violates § 3150. *See United States v. Wells,* 766 F.2d 12, 17 (1st Cir.1985). In doing so, the *Wells* court noted that the legislative history of the 1984 Bail Reform Act supported that conclusion. *See id.* at 17–18. The 1984 Act replaced § 3150 with a new bail-jumping statute that makes criminal the knowing failure "to surrender for service of sentence pursuant to a court order." 18 U.S.C. § 3146. This broader language encompasses failure to surrender to a U.S. Marshal or to a prison for service of sentence. Implicitly endorsing the reasoning of the *West* line of cases, the Senate Report on the 1984 Act commented that "failure to appear [for service of sentence] is tantamount to a failure to appear before a court and is equally deserving of punishment." S.Rep. No. 98–225, at 32–33, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3215–16. Significantly, the Senate Report also noted that the Act "basically continues the current law offense of bail jumping." *Id.*

---

1. Section 3150 was repealed by the Bail Reform Act of 1984, Pub.L. No. 98–473, Title II, § 203(a), 98 Stat.1976 (1984), and replaced by a new bail-jumping statute, codified at 18 U.S.C. § 3146 (1994).

at 30, 31, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3213, 3214.

Ducharme acknowledges that all circuits that have considered the question have ruled against him. He nevertheless contends that those cases were wrongly decided. In support of his contentions, he relies on *United States v. Wray,* 369 F.Supp. 118 (W.D.Mo.1973), which construed § 3150 strictly and held that failure to appear before a U.S. Marshal did not violate the terms of the statute, *see id.* at 125. *Wray,* however, has been expressly disapproved by the Eighth Circuit, the court of appeals for the district in which it was decided. *See Harris,* 544 F.2d at 949–50. As the *Harris* court explained:

> It is ... a settled principle of statutory construction that criminal statutes are to be strictly construed.... However, general rules of construction cannot be used to ignore the statute's manifest purpose. The obvious intent of Congress under 18 U.S.C. § 3150 was to provide sanctions against "bail jumping." One released on bail under the Bail Reform Act is under the continuing jurisdiction of the district court. The court clearly has the power to designate the time and place for the defendant to report.... [T]he United States Marshal is given authority to carry out all lawful orders issued to him by a United States court. The mere fact that the court directs the defendant to appear before its designated agent, the United States Marshal, rather than before the judicial officer making the order, does not obviate sanctions under the Act.

*Id.*

We agree and hold that a defendant's failure to appear before a United States Marshal to begin service of sentence, when ordered to do so by a district court, constitutes bail-jumping in violation of § 3150.

\*      \*      \*

The judgment of the district court is Affirmed.